IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| TRANSTEXAS GAS CORPORATION | § | CASE NO: 02-21926 |
| and | § | |
| GALVESTON BAY PIPELINE COMPANY | § | |
| and | § | |
| GALVESTON BAY PROCESSING | § | |
| CORPORATION | § | |
|     Debtor(s) | § | |
| | § | CHAPTER 11 |
| | § | |
| TRANSTEXAS GAS CORPORATION | § | |
|     Plaintiff(s) | § | |
| | § | |
| VS. | § | ADVERSARY NO. 04-2022 |
| | § | |
| COASTLINE RESOURCES INC | § | |
| and | § | |
| KRM INVESTMENTS INC | § | |
| and | § | |
| INTERNAL REVENUE SERVICE | § | |
| and | § | |
| STATE BANK & TRUST COMPANY | § | |
|     Defendant(s) | § | |

**MEMORANDUM OPINION AND ORDER ON MOTION FOR SUMMARY JUDGMENT**

    On this day came on for consideration the Motion for Summary Judgment filed by KRM Investments, Inc. ("KRM"). The Court, having heard the evidence and arguments of counsel, finds that the Motion for Summary Judgment should be granted.

**UNCONTROVERTED FACTS**

    TransTexas Gas Corporation ("TransTexas") filed its voluntary chapter 11 petition on April 19, 1999 (the "1999 Bankruptcy"). Coastline Resources, Inc., ("Coastline") was a creditor of TransTexas in the 1999 Bankruptcy. On February 7, 2000, this Court entered its Order Confirming the Reorganized Debtor's Second Amended Modified and Restated Plan of Reorganization. TransTexas and Coastline reached a settlement which was set forth in a Settlement Agreement dated February 7, 2000. Under the terms of the Settlement Agreement, Coastline held a Class 6B claim which was an allowed mechanic's and materialmen's secured claim under the Plan of Reorganization in the amount of $325,000. Thereafter, TransTexas

executed a Promissory Note in the amount of $325,000 payable to Coastline, dated March 17, 2000. The Promissory Note provided for 5 annual payments by TransTexas to Coastline.

Coastline assigned the Promissory Note to KRM on September 15, 2000, by its endorsement. On the same date, Coastline transferred possession of the note to KRM.

On November 14, 2002, TransTexas filed another chapter 11 bankruptcy petition (the "2002 Bankruptcy"). On January 30, 2003, KRM filed its Proof of Claim in the 2002 Bankruptcy (claim #213). On August 14, 2003, this Court entered its Order Confirming the Creditor's Joint Plan of Reorganization in the 2002 Bankruptcy. Pursuant to the Plan, Coastline's prior Class 6B claim was allowed. On September 15, 2003, this Court entered a Supplemental Order on Joint Omnibus Objection to Claims (the "Claims Objection Order"). This Court allowed the claim of KRM Investments/Coastline Resources in the amount of $208,591.23.

TransTexas made two payments on the Promissory Note to KRM on December 21, 2000, and December 26, 2001. Thereafter, TransTexas interplead the payments due into the Registry of the Court. The three payments were interplead under three separate Adversary Proceedings which this Court consolidated.

KRM claims an interest in the funds by virtue of Coastline's assignment of the Promissory Note and transfer of possession. The Internal Revenue Service ("IRS") also claims an interest in the interplead funds as a creditor of Coastline. The IRS filed its notice of tax levy on January 15, 2002. Coastline filed its chapter 11 bankruptcy petition on July 13, 2004, and the case was converted to chapter 7 on November 15, 2004. Lisa Nichols was appointed chapter 7 trustee. The Court abated this proceeding to allow the Trustee in the Coastline bankruptcy to review the schedules and determine if the Trustee made any claim to the proceeds. At a hearing held on April 18, 2005, Ms. Nichols, the Trustee, advised the Court that she has no position in regards to the interplead funds.

## DISCUSSION

Summary judgment is appropriate only if there is not genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Rule 56(c), F.R.Civ.P.; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). To support a motion for summary judgment, the moving party has the burden of establishing the absence of a genuine issue as to any material fact, but is not required to negate the elements of the nonmovant's case. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Moreover, the material in the motion must be viewed in the light most favorable to the opposing party. *Little v. Liquid Air Corp., supra.; Adickes v. S.H.Kress*, 398 U.S. 144, 157 (1970); *Matsushita Electric Industrial Co., v. Zenith Radio Corp.*, 475 U.S. 574 (1986).

In the case at bar, both KRM and the IRS moved for summary judgment, indicating that neither party believes that there are genuine issues of material fact. Upon reviewing the summary judgment evidence presented, and taking judicial notice of the pleadings and orders on file in the

1999 Bankruptcy and the 2002 Bankruptcy of TransTexas, the Court finds that there are no genuine issues of material fact.

KRM properly perfected its security interest in the Promissory Note by obtaining Coastline's endorsement on the Promissory Note and by taking possession thereof (see, affidavits of Jay Pope, President of Coastline, and Kenneth R. Melber, President of KRM). Pursuant to §9.102(47) of the Texas Business & Commerce Code (2004), the Promissory Note is an "instrument" for purposes of Article 9 of the Texas Business & Commerce Code. A security interest in an instrument may be perfected by taking possession of the collateral. V.T.C.A., Bus. & C. §9.313(a). Conflicting perfected security interests rank according to priority in time of filing or perfection. V.T.C.A, Bus. & C. §9.322(a)(1). KRM's security interest in the Promissory Note was perfected by possession on September 15, 2000, which was prior in time to the IRS' tax levies.

Moreover, the Court finds, *sua sponte*, that the Claims Objection Order entered September 15, 2003, is *res judicata* on the issue of KRM's claim. The Claims Objection Order is a final order and establishes that KRM is the holder of the claim against TransTexas.

## CONCLUSION

For the foregoing reasons, the Court finds that KRM is entitled to summary judgment in its favor and the Court further finds that the funds deposited in the registry of the court by TransTexas are the property of KRM.

It is therefore ORDERED that the Motion for Summary Judgment filed by KRM Investments, Inc., is hereby GRANTED.

It is further ORDERED that counsel for KRM shall submit a final judgment in this action which the Court will submit to the financial section of the U.S. Courts for approval.

SIGNED 06/08/2005

RICHARD S SCHMIDT
United States Bankruptcy Judge